1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIGNATOURS CORPORATION, | CASE NO. 2:23-cv-885 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| WAYNE CALLENDER, | |
| Defendant. | |

This matter comes before the Court on Defendant Wayne Callender's motion to dismiss Plaintiff Signatours Corporation's complaint for lack of jurisdiction, or in the alternative, to transfer the case to the District of Idaho. Dkt. No. 5. The Court has considered the papers submitted in support of and opposition to the motion, as well as the record in the case. For the reasons stated below, the Court GRANTS the motion.

## 1. BACKGROUND

The following factual allegations are taken from Signatours complaint:

Signatours is a photography company specializing in "creating original photographs for the lodging, hospitality, and architecture industries." Dkt. No. 1 at

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

1. It's incorporated in Washington, and its principal place of business is Seattle. *Id.* at 3. In June 2018, Signatours took photographs of vacation rental properties in Idaho. *Id.* at 2. That same month, Signatours registered the photos with the U.S. Copyright Office ("Copyrighted Works"). *Id.* Signatours owns the federal registration for the Copyrighted Works. *Id.*

Signatours alleges, Callender was "offered the opportunity" to buy the Copyrighted Works, and the parties negotiated a purchase price. *Id.* at 4. Callender ultimately decided not to buy the Copyrighted Works, but he later displayed "photographs that are virtually identical to the Copyrighted Works" on websites to market and advertise his vacation rental homes. *Id.*

Signatours alleges Callender is liable for copyright infringement.

## 2.  DISCUSSION

### 2.1  Legal standard.

The Court must dismiss an action if it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of proving that the exercise of personal jurisdiction would be appropriate when a defendant moves to dismiss a case under Rule 12(b)(2). *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). If the defendant's motion is supported only by written materials, "the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (emphasis added). In this context, a "prima facie" showing means that the plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d

1122, 1129 (9th Cir. 2003). "The plaintiff cannot simply rest on the bare allegations of its complaint if an allegation is challenged by the defendant, but uncontroverted allegations in the complaint must be taken as true." *Corker v. Costco Wholesale Corp.*, 585 F. Supp. 3d 1284, 1289 (W.D. Wash. 2022) (cleaned up). Any conflicts between sworn statements must be resolved in favor of the plaintiff. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

If no federal statute authorizes personal jurisdiction, federal courts apply the law of the state in which they sit to determine whether the exercise of personal jurisdiction over a defendant is appropriate. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Washington law permits courts to "exercise jurisdiction over a nonresident defendant to the extent permitted by the due process clause of the United States Constitution." *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P.3d 141, 149 (Wash. Ct. App. 2010).

Jurisdiction reflects due process only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Based on the extent and nature of the contacts, the Court can exercise either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A., v. Brown,* 564 U.S. 915, 919 (2011).

## 2.2   The Court does not have general jurisdiction over Callender.

Signatours concedes that the exercise of general jurisdiction over Callender would be improper in Washington. Rightly so. "For general jurisdiction to exist, a

defendant must engage in 'continuous and systematic general business contacts,' . . . that 'approximate physical presence' in the forum state[.]" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223–24 (9th Cir. 2011). Callender is a citizen of Idaho. Dkt. No. 1 at 3. He does not have substantial, continuous, and systemic contacts in Washington. He does not own bank accounts, vehicles, or other property in Washington. Dkt. No. 6 at 2. He also does not have any employees or a mailing address in Washington. *Id.* Thus, the Court cannot exercise general jurisdiction over Callender.

## 2.3    The Court does not have specific jurisdiction over Callender.

Instead, Signatours argues that the Court has specific jurisdiction over Callender. The Ninth Circuit applies a three-part test when analyzing specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Signatours bears the burden of satisfying the first two prongs of the test. *Id.* If it meets this requirement, the burden shifts to Callender to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

In tort and "tort-like" cases, such as copyright infringement, courts inquire "whether a defendant 'purposefully direct[ed] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Mavrix Photo, Inc.*, 647 F.3d at 1228 (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (internal quotations omitted)). Under the effects test, "the defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Doe v. WebGroup Czech Republic, A.S.*, 89 F.4th 1188, 1198 (9th Cir. 2024) (internal quotations omitted).

The Court concludes Callender, through his agent, committed an "intentional act" by downloading and using the Copyrighted Works. *See Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) ("[A]n intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world[.]"). Thus, the first prong of the effects test is met.

As for the second prong, Signatours argues that Callender "purposefully directed his activities with a resident of this forum," by negotiating for the "sale of the professionally photographed images that are now the subject of this copyright dispute in this forum[,]" and "steal[ing] the images" and uploading them to VRBO.com rather than purchasing them from Signatours. Dkt. No. 8 at 7; *see* Dkt. No. 1 at 4. Thus, Signatours's claim of express aiming turns on its contention that

Callender knew Signatours was a Washington resident and that it "stole" and posted the Copyrighted works on the internet.[1]

But "[e]xpress aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Indeed, "the Supreme Court ha[s] 'consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.'" *Briskin v. Shopify, Inc.*, 87 F.4th 404, 416 (9th Cir. 2023) (quoting *Walden*, 571 U.S. at 284).

Here, Signatours does not allege that Callender's conduct was aimed toward Washington, nor does Signatours allege that its injury is tied to Washington in any meaningful way. In this way, Signatours's injury is entirely personal and would follow it whether it resided in Washington or elsewhere. *See id.* This Court cannot find express aiming based on Signatours's mere presence in Washington, as

---

[1] Callender denies doing business with Signatours, insisting that his contacts were with a third-party rental property marketing and advertising company called Stay Coeur d'Alene Vacation Rentals ("StayCDA"). Dkt. Nos. 6 at 2; 7 at 2; 11 at 6. Signatours provides several emails showing communications between Callender's agent and Kellie Seldon, who it claims was a Signatours employee. So the parties dispute whether Callender communicated directly with Signatours or StayCDA about the photos. The Court resolves this discrepancy in Signatours favor. *See Schwarzenegger*, 374 F.3d at 800 ("Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."). Even assuming its version of events is true, however, Signatours cannot satisfy the "expressly aimed" requirement as explained below.

1    Signatours suggests. "To rule otherwise would essentially be to hold that a

2    'copyright holder can always sue wherever it happens to be located.'" *Adobe Sys. Inc.*

3    *v. Cardinal Camera & Video Ctr., Inc.*, No. 15-CV-02991-JST, 2015 WL 5834135, at

4    *4 (N.D. Cal. Oct. 7, 2015) (quoting 5 Patry on Copyright § 17:166.50 (online ed.

5    2015)).

6         Similarly, simply posting the infringing photos on VRBO.com (or the like) is

7    not enough to establish the express aiming requirement. *See Briskin*, 87 F.4th at

8    417–18. When a website is the only jurisdictional contact, "something more"—

9    conduct directly targeting the forum—is needed. *Id.* at 417 (quoting *Mavrix Photo*,

10   647 F.3d at 1229). With a website, the Court's "analysis turns on whether the site

11   had a forum-specific focus or the defendant exhibited an intent to cultivate an

12   audience in the forum." *Id.* (quoting *Mavrix Photo, Inc.*, 647 F.3d at 1229).

13        Here again, Signatours does not allege that Callender's online activity had a

14   Washington-specific focus. In fact, on this score, Callender has expressly disclaimed

15   directing any of his business activities toward Washington. Callender no doubt

16   benefits from Idaho's boarder relationship with Washington, but the fact—standing

17   alone—that the states share a boarder and that Callender may foreseeably profit

18   from persons in Washington renting his property in Idaho does not answer the

19   purposeful direction question. *See id.* at 423; *see also AMA Multimedia, LLC v.*

20   *Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) ("Although [the defendants] may have

21   foreseen that ePorner would attract a substantial number of viewers in the United

22   States, this alone does not support a finding of express aiming.").

23

Because Callender did not expressly aim its suit-related conduct toward Washington, the Court cannot exercise specific jurisdiction over Callender. *Briskin*, 87 F.4th at 422.

### 3.  CONCLUSION

For the reasons stated above, Callender's motion to dismiss is GRANTED. Dkt. No. 5. The complaint is DISMISSED for lack of personal jurisdiction.[2]

Dated this 7th day of February, 2024.

Jamal N. Whitehead
United States District Judge

---

[2] Dismissal under Rule 12(b)(2) is without prejudice as to the merits of the case. This Order is not intended to preclude Plaintiff from pursuing its claim in another jurisdiction.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8